## WILLIAM AUSTIN *vs*. IRA CAVERLY.

A debt founded on a contract made while the insolvent act of 1838 was suspended by *St*. 1842, *c*. 71, may be discharged under the provisions of that act, since it came into renewed operation.

ASSUMPSIT for money paid. Writ dated May 27th 1844. At the trial in the court of common pleas, before *Wells*, C. J. the plaintiff introduced evidence that, on the 20th of February 1843, he signed a note of $100, as surety for the defendant, payable to the Lowell Bank ; and that, on the 7th day of October 1843 — said note not being wholly paid — he paid $35, the balance due thereon.

The defendant gave in evidence a discharge under the insolvent law of this Commonwealth, duly executed by a master in chancery on the 13th of March 1844, and insisted that it was a bar to the plaintiff's action. But the judge ruled, that the money paid by the plaintiff was to be regarded in law, not as paid by virtue of a contract made on said 7th day of October 1843, but of a contract made at the date of said note ; and that as the bankrupt law of the United States was in force at the date of the note, and the insolvent law of this Commonwealth suspended, said discharge under that insolvent law was not a bar to the plaintiff's action. The jury returned a verdict for the plaintiff who alleged exceptions to said ruling.

*Caverly*, for the defendant.

*B. F. Butler*, for the plaintiff.

SHAW, C. J. The insolvent law of Massachusetts, as established by *St*. 1838, *c*. 163, was suspended by *St*. 1842, *c*. 71, so long as the bankrupt law of the United States should continue in force. The repeal of the bankrupt law took effect on the 3d of March 1843. It has been repeatedly held, that by the operation of the original act and the suspending act, the insolvent law of 1838 went into renewed and active operation, from and after the 3d of March 1843 to be construed according to the terms of its original enact-

ment. *Ward* v. *Proctor*, 7 Met. 318. *Atkins* v. *Spear*, 8 Met. 495. Such being the construction of the act, the court are of opinion that the discharge given in evidence by the defendant was a good bar to the plaintiff's action, whether the contract on which it was founded was made before or after March 3d 1843, when the bankrupt law was repealed. It therefore becomes unnecessary to give any opinion upon the question whether the contract should be considered as made when the plaintiff signed the defendant's note as surety, or when he paid it.

The provision of the insolvent law of 1838, § 7, is, that the debtor shall be discharged from all debts which are " founded on any contract made by him after this act shall go into operation, if made within this Commonwealth, or to be performed within the same." The present action exactly answers to all these conditions, and is therefore barred by the discharge.

But the argument of the plaintiff is, that by force of the bankrupt law of the United States, and the suspending law of 1842, the insolvent law ceased to have any operation ; that on the repeal of the bankrupt law, it again went into operation, and therefore, if this contract was made in February 1843, it was not made after the insolvent law went into operation, within the true meaning and intent of the above cited provision. Such, it is plain, is not the grammatical construction of the provision ; nor does the obvious policy of the act, we think, require it. The argument seems to be founded on the presumed intent of the legislature that contracts made while the insolvent act was not in full operation should not be affected by the discharge. But this qualification of the discharge (viz. from debts on contracts made after the act shall go into operation) seems to us to have been founded on a different consideration. Before the adoption of the insolvent system, each creditor was left to seek his own remedy, by his own means; by arrest, attachment or otherwise. The adoption of that system made a great change in the policy of the State, by declaring the great

principle, that henceforth, in case of insolvency, when a debtor is unable to pay all his debts, his assets shall be distributed equally and ratably amongst all his creditors, and thereupon he shall be discharged. But as this was to introduce a new principle, which would alter, and, in the estimate of some persons, impair the remedies of creditors, the legislature thought it equitable to limit its operation to contracts made after the law should go into operation, and thus become known and understood. No such reason would apply to a revival of the insolvent law, after a suspension. The law was suspended, not because the legislature intended to change the policy of the law of debtor and creditor, or the principle on which it was placed by that law, but because a system of paramount authority was established by the government of the United States, having the same object in view, which must necessarily prevent its operation.

The court are of opinion that the discharge was a good bar, and that the jury should have been so instructed.

*Verdict set aside, and a new trial granted.*